|T McKAY, J.
Dissents with Reasons.
I respectfully dissent from the majority’s decision to reverse the trial court’s judgment and reinstate the jury’s verdict.
Louisiana Code of Civil Procedure Article 1811 provides that a motion for a judgment notwithstanding the verdict (“JNOV”) may be granted on the issue of liability or on the issue of damages or on both issues. A JNOV is appropriately granted “when the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable men should not arrive at a contradictory verdict.” Scott v. Hospital Service District No. 1, 496 So.2d 270, 274 (La.1986). The Louisiana Supreme Court has determined that the standard of review for a JNOV on appeal is a two part inquiry; the appellate court must first determine if the trial court erred in granting the JNOV. In order to make this determination, the appellate court applies the same standard of review used by the trial court to determine whether to grant the JNOV. Once the appellate court has determined that the trial court “correctly applied its standard of review as to the jury verdict, the appellate court reviews the JNOV using the manifest error standard of review.” Davis v. Wal-Mart Stores, Inc., 2000-0445 (La.11/28/00), 774 So.2d 84, 89. The use of the manifest error standard of review is appropriate, because once the jury verdict is set aside on a motion for JNOV, the trial court 1¡>,becomes the trier of fact. Anderson v. New Orleans Public Service, 583 So.2d 829, 834 (La.1991).
In the instant case, the trial court, after hearing the same evidence as the jury, was “surprised” by the jury’s verdict. As the trial court pointed out it is “not often surprised by jury verdicts,” but in this particular case it was. This is the type of situation a JNOV is designed for. It is only to be used in those limited situations. After reviewing the record before this Court, I must agree with the trial court that the jury got it wrong. Furthermore, I find no error in the judgment rendered by the trial court. Accordingly, I would affirm its judgment.
LOVE, J., Concurs with Reasons.